IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OSCAR A. PALOMINO-DUQUE, | ) | CASE NO. 8:10CV211 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Oscar A. Palomino-Duque's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (Filing No. 20), Brief on the merits of the Petition (Filing No. 21), and relevant State Court Records (Filing Nos. 10, 19, and 26). Petitioner filed a Brief in response to the Answer. (Filing No. 23.) The court deems this matter fully submitted.

Liberally construing the allegations of Palomino-Duque's Petition, he argues that he is entitled to a writ of habeas corpus because:

| | |
|---|---|
| Claim One: | Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his trial counsel failed to "investigate and develop the possibility that someone else . . . committed the murder" for which Petitioner was charged. |
| Claim Two: | Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his appellate counsel failed to assert and preserve Claims One and Three on direct appeal. |
| Claim Three: | Petitioner did not receive due process of law in violation of the Fourteenth Amendment because: (1) the prosecution prevented Petitioner from preparing an adequate defense by suppressing material evidence; and (2) the trial court prevented Petitioner from making informed legal decisions regarding his guilty plea by failing to inform Petitioner of the |

potential range of sentences for his charges and the possibility of charges for lesser included offenses.

(Filing No. 1, together, the "Habeas Claims.")

## BACKGROUND

### I. Petitioner's Conviction and Direct Appeal

On May 5, 2008, Petitioner pled guilty to one count of second degree murder. (Filing No. 10-1, Attach. 1.) The Douglas County District Court sentenced Petitioner to 70 years to life in prison on the conviction. (Filing No. 10-2, Attach. 2.) Petitioner filed a timely direct appeal arguing only that the sentence imposed was excessive. (Filing No. 26-1, Attach. 1, at CM/ECF pp. 15-26.) The Nebraska Supreme Court bypassed the Nebraska Court of Appeals and took the appeal directly. (Filing No. 10-4, Attach. 4, at CM/ECF p. 3.) The Nebraska Supreme Court summarily affirmed the conviction and sentence on March 25, 2009, and issued a mandate on April 7, 2009. (*Id.*)

### II. Petitioner's Post Conviction Motion and Appeal

Petitioner filed a motion for post-conviction relief ("post-conviction motion") in the Douglas County District Court. (Filing No. 26-4, Attach. 4, at CM/ECF pp. 32-69.) Liberally construed, the post-conviction motion set forth all of Petitioner's Habeas Claims. The Douglas County District Court declined to hold an evidentiary hearing and issued a detailed opinion on January 19, 2010, denying relief on the claims asserted in the post-conviction motion. (Filing No. 26-5, Attach. 5, at CM/ECF pp. 38-41.)

Petitioner failed to file a timely appeal from the denial of post-conviction relief.[1] (*Id.* at CM/ECF pp. 79-80.) After giving Petitioner an opportunity to show cause why a notice of appeal was not timely filed, the Nebraska Supreme Court dismissed Petitioner's appeal for lack of jurisdiction. (Filing No. 26-6, Attach. 6, at CM/ECF p. 2.) The Nebraska Supreme Court issued a mandate on May 25, 2010. (*Id.*)

### III. Petitioner's Petition for Writ of Habeas Corpus

On June 1, 2010, Petitioner timely filed his Petition in this court. (Filing No. 1.) Thereafter, Respondent filed a Motion for Summary Judgment and Brief in support of Motion in which Respondent argued that Petitioner's claims are procedurally defaulted. (Filing Nos. 11 and 12.) The court denied Respondent's Motion without prejudice to reconsideration of the procedural default issues following the filing of an answer and full briefing on all issues. (Filing No. 17 at CM/ECF p. 2.) Specifically, the court found the record was insufficient to determine whether Petitioner was able to meet the standard for disregarding a state procedural default. (*Id.* at CM/ECF p. 1.) Now that Respondent has filed additional state court records, this matter is ripe for resolution.

### ANALYSIS

The court will address each of Petitioner's Habeas Claims below. Before doing so, the court will set forth the legal principles regarding procedural default because they apply to Petitioner's Habeas Claims.

---

[1] As discussed in greater detail below, Petitioner has argued that he, in fact, filed a timely appeal, but the Clerk of the Douglas County District Court intentionally held up Petitioner's notice of appeal until after the appeal time ran. (*See, e.g.,* Filing No. 14; Filing No. 26-4, Attach. 4, at CM/ECF pp. 3-4.)

## I.    *Standards for Procedural Default*

As set forth in 28 U.S.C. § 2254(b)(1):

(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)   the applicant has exhausted the remedies available in the courts of the State; or

    (B)   (i)   there is an absence of available State corrective process; or
           (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore fairly present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See *Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim–that is, if resort to the state courts would be futile–then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right

5

to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

## II. Petitioner's Claims

Petitioner's Habeas Claims are procedurally defaulted because he did not present them to the Nebraska appellate courts and is now barred from doing so. Petitioner did not raise any of his Habeas Claims on direct appeal. (*See* Filing No. 26-1, Attach. 1, at CM/ECF pp. 15-26.) Liberally construed, Petitioner did raise his Habeas Claims in his post-conviction motion, however, he failed to file a timely appeal from the denial of post-conviction relief.[2] (Filing No. 26-5, Attach. 5, at CM/ECF pp. 79-80.) After giving Petitioner an opportunity to show cause why his notice of appeal was not timely filed, the Nebraska Supreme Court dismissed Petitioner's appeal for lack of jurisdiction. (*See* Filing No. 26-6, Attach. 6, at CM/ECF p. 2 (Nebraska Supreme Court Docket Sheet stating "[a]ppeal dismissed for lack of jurisdiction," and citing Neb. Rev. Stat. § 25-1912(1), which sets forth

---

[2]The court notes that even if Petitioner had filed a timely appeal, the Nebraska Supreme Court would not have considered Petitioner's federal claims on appeal because he did not assign them as error in his appellate brief. (Filing No. 26-5, Attach. 5, at CM/ECF pp. 46-60.) *See White v. White*, 709 N.W.2d 325, 337 (Neb. 2006) (stating that to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error).

the steps necessary to perfect an appeal).) In doing so, the Nebraska Supreme Court rejected Petitioner's claims on independent and adequate state procedural grounds. *See* [Shaddy, 890 F.2d at 1018](#).

Petitioner failed to present his Habeas Claims to the Nebraska appellate courts in "one complete round," and he is now barred from doing so under Nebraska law. *See* [Ortiz, 670 N.W.2d at 792](#). As such, Petitioner's Habeas Claims are procedurally defaulted and the court cannot consider their merits unless Petitioner can show cause and prejudice to excuse the default.

### *III.   Cause and Prejudice*

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. [Coleman v. Thompson, 501 U.S. 722, 750 (1991)](#). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." [Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999)](#) (quotation omitted); *see also* [Bell v. Attorney Gen. of the State of Iowa, 474 F.3d 558, 561 (8th Cir. 2007)](#) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

Petitioner has attempted to demonstrate "cause" for the default of his claims by filing a sworn statement that he tendered a timely notice of appeal to the Clerk of the Douglas

County District Court following the district court's denial of post-conviction relief, and has also submitted evidence in support of his sworn statement. (Filing No. 14.) The record reflects that Petitioner believes the clerk intentionally held up Petitioner's notice of appeal until after the appeal time ran. (*See* letter from Petitioner to clerk at Filing No. 26-4, Attach. 4, at CM/ECF pp. 3-4.) The court understands Petitioner's argument to be that the clerk's intentional misconduct resulted in Petitioner's failure to present his Habeas Claims to the Nebraska appellate courts.

The court has carefully reviewed the record and finds that Petitioner's argument lacks merit because Petitioner cannot show the clerk's alleged actions caused the default of his Habeas Claims. The record reflects that Petitioner did not properly raise his Habeas Claims in his appellate brief. (Filing No. 26-5, Attach. 5, at CM/ECF pp. 46-60.) The only error Petitioner assigned in his appellate brief was that the district court abused its discretion when it denied his motion for post-conviction relief. (*Id.* at CM/ECF p. 52.) Thus, even if Petitioner's notice of appeal had been timely filed, Petitioner would not have "fairly presented" his Habeas Claims to the Nebraska Supreme Court because he did not assign them as error. See *White*, 709 N.W.2d at 337 (stating that to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.) Even assuming the clerk intentionally held up Petitioner's notice of appeal, those actions did not cause him to fail to present his Habeas claims in one complete round in the Nebraska state courts.

For the reasons set forth above, the court finds that Petitioner has not demonstrated "cause and prejudice" to excuse the procedural default of his Habeas Claims and they are dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Oscar A. Palomino-Duque's Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of March, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.